Judge Robertson
delivered the opinion of the Court.
In March 1822, Overton loaned to Head, $300, in notes of the bank of the commonwealth, for three years; for the consideration of which, it was agreed, that he should have the occupancy of a small tenement, of about 12 acres of land, which belonged to Head. To authenticate this contract, and secure the re-payment of the $3Q0, Head executed a mortgage to Overton, in which he agreed to pay him, at the end of three years, in currency, of value, equal to that of the commonwealth’s paper,-at the date of the loan. Overton rented the tenement to Gayle, for $30 a year in commonwealth’s paper.
And in August, 1825, Head filed his bill in chancery, to redeem the property, and claimed a credit for $75 a year, fpr the use of it.
Overton admits the allegations of the bill, except that which represents the rent to be worth $75. He says, that it was not worth more than ‡1 50 cents an acre in specie. He made his answer a cross bill, on which he prayed for a foreclos ure of the mortgage, and a sale of the property.
The court decreed, that Overton was entitled to $300, in notes of the bank of the commonwealth, he having agreed to accept this paper, and decreed á sale of the mortgaged property, in the event of a failure by Head, to pay the $300, on or before the first day of the term of the court, succeeding the decree.
*558 To reverse this decree, this writ of error is prose* cuted by Head.
We do not entirely concur with the circuit court, Nor can we concur with the counsel for Head. The one has gone too far; the otheris not willing to go far enough. The court exceeded its authority, and disregarded the evidence, in decreeing the payment of the $300 in commonwealth’s paper, and in refusing to allow any credit, beyond the accruing interest, for the annual profits of the land.
The counsel for Head, insists on a decree, only for the specie value of the paper, when it became due; and demands a credit, for much more than the amount for which Overton rented the land; in which, if he were to succeed, he would nearly, if not wholly extinguish the debt,
The loan mas made, before the passage of the act, authorizing judgments and decrees, on endorsement for bank paper, specifically. Without deciding whether, the chancellor could decree a specific execution of a contract, made in 1822, simply to pay commonwealth’s paper, the contract in this case, furnishes the rule for the decree between the parties. As the mortgage stipulates, that the $300, shall be refunded in a currency or medium, of a value equal to that of the commonwealth’s paper, at the date of the loan, this value, whatever it may be, must be the standard by which the amount, to which Overton is entitled, must be measured.
The decree should be, that Head pay to Overton in specie, the amount which $300, in' commonwealth’s paper, may be proved to have been worth, at the date of the loan. And as Overton received for the place $30 in commonwealth’s paper annually, if this amounts to more than six per cent, on the value of $300, in March 1822, the principal should be credited with the excess. In making this estimate, the $30, for the rent must be' reduced to its value in specie, at the times the rents were respectively paid to Overton. As Head is liable, by his contract, for the specie value of $300, in commonwealth’s paper, in March, 1822, he must pay six per cent, interest, on that value. When the paper had fallen to “two for onef the $30 for the rent, *559 Would be very little, if any more than six per cent, on the loan. But it was generally during the three years, at the rate of exchange, which .would make $30 of it, worth more than six per cent, on the value, when loaned,- of the $300. For the first year particularly, the $28, which were paid to Overton, in advance for the rent, would be $10 in paper, and its equivalent in specie, more than the legal interest. But whatever the difference annually may be ascertained to be, whether it shall be much or little, credit must be allowed forit
Petition for & re-hearing.
Denny, for plaintiff; Triplett, for defendant.
Overton is not responsible for more than the amount, which he received. The doctrine is undeniably established, that a mortgagee in possession, is not chargeable for more than the profits which he receives. Therefore, Overton is entitled to whatever his $300 were worth, when he loaned them to Head, and must be charged with the annual excess of $30 in commonwealth’s paper over six per cent, interest on that value. This must be the decree.
Wherefore, the decree of the circuit courtis reversed, and the cause remanded for a decree, conformable to this opinion.